E-FILED
Tuesday, 10 November, 2026 11:43:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TIMOTHY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4176 |
| | ) | |
| J.B. PRITZKER, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff is detained at Rushville Treatment and Detention Facility ("TDF"). He named Illinois Governor J.B. Pritzker as the sole defendant.

Plaintiff alleges that he was civilly committed to the custody of the Illinois Department of Human Services ("DHS") following completion of his eight-year prison sentence and a probable cause hearing related to the commitment. Plaintiff alleges that he returned to prison on a four-year sentence after pleading guilty to aggravated battery arising from an argument over fruit at the TDF. Plaintiff alleges that the Office of the Illinois Attorney General "continued to prosecute [him] for civil involuntary commitment" during his four-year prison sentence.

Plaintiff alleges that the Attorney General used state funds to hire an attorney to assist in his re-detention to the DHS custody following completion of the four-year sentence. Plaintiff alleges that the State did not file another petition to commit or conduct another probable cause hearing. Plaintiff alleges that "the Attorney General altered court records by changing [his] case number to conceal [his] trial for civil involuntary commitment and falsely assert[ed] that [he] had voluntarily committed himself to the Department of Human Services for life under the new law for civil commitment." (Doc. 1 at 3). Plaintiff alleges that the Attorney General used state funds to pay the expenses of the attorney hired to keep his false imprisonment concealed.

Plaintiff alleges that he filed a habeas petition in 2024, and that the Attorney General manufactured appeal court records and impersonated an appellate court judge "by sending Bell false court order(s) informing him that his appellate court attorney would be appointed by the Circuit Court." Plaintiff alleges that the Attorney General has been embezzling funds for years.

He alleges that he and his family members have written to Defendant Pritzker. He asks the Court to order him to investigate the Attorney General's conduct.

**DISCUSSION**

Plaintiff filed a previous lawsuit in this district with similar allegations as it relates to the Attorney General. *See Bell v. Raoul*, 2026 WL 2818197, at *1 (C.D. Ill., filed Sep. 18, 2026) (alleging that the Attorney General held secret court meetings, resulting in additional case numbers, misrepresentations that Plaintiff had voluntarily committed himself, and obstruction of his appeal). The court in that case found that his allegations, if true, would necessarily imply the invalidity of his confinement, and thus his claims were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at *2. The court dismissed the case accordingly. *Id.*

Plaintiff did not name the Attorney General as a defendant in this case. He named the Governor of Illinois as a defendant and seeks an order directing him to investigate the Attorney General's conduct. Plaintiff's allegations do not permit a plausible inference that Defendant Pritzker was personally involved in any constitutional deprivation Plaintiff suffered as required to impose liability. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). To the extent that he alleges Defendant Pritzker failed to investigate the Attorney General's conduct, Plaintiff does not have a constitutional right to an investigation. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). If Plaintiff believes a crime has been committed, he should contact the appropriate prosecuting authority.

Notwithstanding Plaintiff's substitution of another state official as a defendant and the request for different relief, Plaintiff still challenges events that occurred in his underlying state

court proceedings, and his allegations, if true, would necessarily imply the invalidity of his confinement. Plaintiff has not shown that he successfully challenged the fact or duration of his confinement in the underlying state court proceedings or via writ of habeas corpus, and, unless and until he does so, he has no claim under § 1983. *Heck*, 512 U.S. at 487; *Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (Heck's favorable termination requirement applies to civil detainees).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted, and that any amendment he could make would be futile. Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 3) is denied.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed in forma pauperis [3] is DENIED.**

2) **Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending**

**motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **Plaintiff's Motion [5] is DENIED.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 10th day of November, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE